**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**MARVIN BRADLEY ROSE AND JENNIFER ROSE**                    **PLAINTIFFS**

**V.**                                **CIVIL ACTION NO.** 3:21-cv-382-DPJ-FKB

**POPEYES LOUISIANA KITCHEN, INC.;**
**VAUGHN BROTHERS, INC. d/b/a POPEYE'S;**
**GENERAL ELECTRIC COMPANY; CAPITAL**
**SIGN AND AWNINGS, LLC; DIVERSIFIED**
**COMMERCIAL BUILDERS, INC.; GILMER**
**ELECTRIC LLC; ADVANCED BUILDING**
**SPECIALTIES, INC.; JORCO CONSTRUCTION INC.;**
**VEGASIGNS & LIGHTING LLC; POWER PRO**
**ELECTRIC, LLC; SCOTTIE CHUNN;**
**AND DOE DEFENDANTS 1-10**                    **DEFENDANTS**

---

## COMPLAINT

---

COMES NOW the Plaintiffs Marvin Bradley Rose and Jennifer Rose, (hereafter "Plaintiffs"), by and through counsel and pursuant to the laws of the State of Mississippi, the Federal Rules of Civil Procedure, and all other applicable provisions of law and files this Complaint against the Defendants Popeyes Louisiana Kitchen, Inc., Vaughn Brothers, Inc. d/b/a Popeyes, General Electric Company, Capital Signs & Awnings, LLC, Diversified Commercial Builders, Inc., Gilmer Electric, Advanced Building Specialties, Inc., JorCo Construction Inc., Vegasigns & Lighting LLC, Power Pro Electric, LLC, Scottie Chunn and Doe Defendants 1-10 (hereafter collectively "Defendants"), by virtue of certain acts or omissions which occurred on or about the 24th day of August, 2018, in Neshoba County, Mississippi. In support thereof, Plaintiffs would respectfully show unto this Honorable Court the following, to-wit:

### JURISDICTION AND VENUE

1.      This Honorable Court has jurisdiction and venue over the parties and this cause of action. This civil action arises out of the acts or omissions of the Defendants committed in whole or in part in Neshoba County in the State of Mississippi.

2.      This Court has original jurisdiction of this matter pursuant to Title 28, United States Code, §1332(a) because there is complete diversity of citizenship between the Plaintiff and all Defendants, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

3.      Venue is proper in this District pursuant to Title 28, United States Code, §1391(a), because the events given rise to the claims asserted occurred in the Southern District of Mississippi, Northern Division.

## PARTIES

4.      Plaintiff Marvin Bradley Rose (hereafter "Brad") is an adult resident citizen of the State of Mississippi who may be contacted by and through undersigned attorney of record.

5.      Plaintiff Jennifer Rose (hereafter "Jennifer") is an adult resident citizen of the State of Mississippi who may be contacted by and through undersigned attorney of record.

6.      Defendant Popeyes Louisiana Kitchen, Inc. is a Minnesota corporation doing business in Neshoba County, Mississippi as Popeyes Louisiana Kitchen at 1019 W. Beacon St., Philadelphia, MS 39350 and who may be served with process through its registered agent C.T. Corporation System at 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

7.      Defendant Vaughn Brothers, Inc. is a Mississippi corporation doing business in Neshoba County, Mississippi as Popeyes Louisiana Kitchen at 1019 W. Beacon St., Philadelphia, MS 39350 and who may be served with process through its registered agent Scott M. Vaughn at 1107 61st Court, Meridian, MS 39303. Defendant Vaughn Brothers does business as Popeyes Louisiana Kitchen.

8.      Defendant General Electric Company is a New York corporation doing business in Neshoba County, Mississippi at 1019 W. Beacon St., Philadelphia, MS 39350 and who may be served with process through its registered agent C.T. Corporation System at 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

9.      Defendant Capital Signs & Awnings, LLC is a Louisiana corporation doing business in Neshoba County, Mississippi at 1019 W. Beacon St., Philadelphia, MS 39350 and who may be served with process through its registered agent Brandon Fontenot at 902 N.W. Main St., Bunkie, LA 71322.

10.      Defendant Diversified Commercial Builders, Inc. is a Georgia corporation doing business in Neshoba County, Mississippi at 1019 W. Beacon St., Philadelphia, MS 39350 and who may be served with process through its registered agent Corporation Service Company at 7716 Old Canton Road, Suite C, Madison, MS 39110.

11.      Defendant Gilmer Electric LLC is a Mississippi corporation doing business in Neshoba County, Mississippi at 1019 W. Beacon St., Philadelphia, MS 39350 and who may be served with process through its registered agent Ryan Gilmer at 156 Vance Road, Louisville, MS 39339.

12.      Defendant Advanced Building Specialties, Inc. is a Mississippi corporation doing business in Neshoba County, Mississippi at 1019 W. Beacon St., Philadelphia, MS 39350 and who may be served with process through its registered agent Joe C. McMurry at 213 North Main St., Suite C, Petal, MS 39465.

13.    Defendant JorCo Construction Inc. is a Utah corporation doing business in Neshoba County, Mississippi at 1019 W. Beacon St., Philadelphia, MS 39350 and who may be served with process through its registered agent Registered Agents, Inc. at 270 Trace Colony Park, Ste. B, Ridgeland, MS 39157.

14.    Defendant Vegasigns & Lighting LLC is a Mississippi corporation doing business in Neshoba County, Mississippi at 1019 W. Beacon St., Philadelphia, MS 39350 and who may be served with process through its registered agent Jeremie Richardson at 932 William St., Tupelo, MS 38801.

15.    Defendant Power Pro Electric, LLC is a Mississippi corporation doing business in Neshoba County, Mississippi at 1019 W. Beacon St., Philadelphia, MS 39350 and who may be served with process through its registered agent Scottie Chunn at 422 Pecan Ave, Philadelphia, MS 39350

16.    Defendant Scottie Chunn upon information and belief is an adult resident citizen of Neshoba County, Mississippi doing business in Neshoba County, Mississippi at 1019 W. Beacon St., Philadelphia, MS 39350 who may be served with process at 422 Pecan Ave, Philadelphia, MS 39350.

17.    Doe Defendants 1-10 are other individuals, persons or entities whose identities are unknown to the Plaintiffs at the filing of this complaint, but who may be liable for all or part of the acts or omissions committed resulting in the subject incident herein and against whom Plaintiffs may seek recovery of damages.

**FACTS**

18.    On or about August 24, 2018, Brad was sent to lawfully work on the roof of the Popeyes Louisiana Kitchen at 1019 W. Beacon St., Philadelphia, MS 39350. After setting his ladder in a stable location, leaning onto the awning above the drive-thru, Brad climbed near to the top of the ladder and attempted to step off the ladder. To do so, Brad stepped onto the railing attached to and surrounding the awning, and reachedfor the metal surface for stability which was connected to the building above the awning. In doing so, Brad received an electric shock from the Popeye's building that had been improperly constructed, designed, manufactured, ungrounded, or improperly remodeled, which froze him in place and then caused Brad to fall from his position tothe ground below, approximately 15 feet, thereby proximately causing life-changing and permanent injuries, including but not limited to spinal cord injury and paralysis, a collapsed lung,torn meniscus, a head laceration, burns to his hands, and other damages to Brad his wife Jennifer Rose as described herein.

19.    At all relevant times hereto, the Popeyes Louisiana Kitchen, a restaurant providing services to the public, located at 1019 W. Beacon St., Philadelphia, MS 39350, was owned, operated, maintained, managed, or controlled, in whole or in part, by Defendant Vaughn Brothers Inc., Popeyes Louisiana Kitchen, Inc., Popeyes Louisiana Kitchen, Inc.; their agents, their employees or contractors under their control.

3

20.     At all relevant times hereto, said location of Popeyes Louisiana Kitchen location and said portions thereof were installed, repaired, constructed, or remodeled, in whole or in part, by Defendants Popeyes Louisiana Kitchen, Inc.; Capital Sign and Awnings, LLC; Diversified Commercial Builders, Inc.; Gilmer Electric LLC; Advanced Building Specialties, Inc.; JorCo Construction, Inc.; VegaSigns & Lighting, LLC; Power Pro Electric, LLC; Scottie Chunn; Doe Defendants 1-10; their agents; their employees or contractors under their control.

21.     Said construction, install(s), repair(s), work, or remodel(s) were unreasonably dangerous, defective and/or negligently performed.

22.     Defendants Popeyes Louisiana Kitchen, Inc.; JorCo Construction, Inc.; Vaughn Brothers, Inc.; VegaSigns & Lighting; Gilmer Electric, LLC; Scottie Chunn; Power Pro Electric, LLC; Diversified Commercial Builders, Inc.; Advanced Building Specialties, Inc.; Doe Defendants 1-10; their agents; their employees or contractors under their control, at times applicable hereto, failed to perform proper construction, repair, work, remodel, safe work, and/or provide proper warnings of the danger present at said Popeyes restaurant.

23.     Said Popeyes Louisiana Kitchen location or portions thereof were manufactured, designed, marketed, sold, installed and generally put in the stream of commerce, in whole or in part, by Popeyes Louisiana Kitchen Inc.; Capital Sign and Awnings, LLC; VegaSigns & Lighting; General Electric Company; Doe Defendants 1-10; their agents, their employees or contractors under their control.

24.     Said construction, manufacture, installation or design was unreasonably dangerous, defective and negligent. Said construction, manufacture or design also constituted a breach of express and implied warranties regarding the fitness and safety of said products.

25.     Defendants Vaughn Brothers, Inc.; Popeyes Louisiana Kitchen, Inc.; Doe Defendants 1-10, their agents, their employees or contractors under their control failed to warn customers of the hazard created by said defective construction, installation, manufacture or design. Further, Defendants, JorCo Construction, Inc.; Vaughn Brothers, Inc.; VegaSigns & Lighting; Gilmer Electric, LLC; Scottie Chunn; Power Pro Electric, LLC; Diversified Commercial Builders, Inc.; Advanced Building Specialties, Inc.; Capital Sign and Awnings, LLC; VegaSigns & Lighting; Doe Defendants 1-10; their agents, their employees or contractors under their control failed to notify Plaintiff of any hazardous conditions allegedly created by the product of Defendant General Electric Company, or the hazardous conditions allegedly created by the product of Defendant Capital Signs and Awnings, LLC or the work, remodel, manufacture, install, or design of other Defendants.

## CAUSES OF ACTION
## COUNT I
## NEGLIGENCE OF
## POPEYES LOUISIANA KITCHEN, INC;
## VAUGHN BROTHERS, INC; DIVERSIFIED
## COMMERCIAL BUILDERS, INC.; GILMER
## ELECTRIC LLC; ADVANCED BUILDING
## SPECIALTIES, INC.; JORCO CONSTRUCTION INC.;
## VEGASIGNS & LIGHTING LLC; POWER PRO
## ELECTRIC, LLC; SCOTTIE CHUNN; and
## DOE DEFENDANTS 1-10

26.    Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

27.    At the time and on the occasion in question, Defendants Popeyes Louisiana Kitchen, Inc.; Vaughn Brothers, Inc.; Diversified Commercial Builders, Inc.; Gilmer Electric LLC; Advanced Building Specialties, Inc.; JorCo Construction, Inc.; VegaSigns & Lighting LLC; Power Pro Electric, LLC; Scottie Chunn; and Doe Defendants 1-10, their agents, their employees or contractors under their control possessed a duty of ordinary care while operating, constructing, inspecting, preparing for construction/repair, remodeling, repairing, providing services on, or otherwise maintaining a restaurant in the State of Mississippi.

28.    As a business open to the public, advertising its services and requesting repairs to be made, it was Defendants' duty to make the premises reasonably safe, to inspect the premises for dangerous conditions, to remove dangerous conditions and to undertake reasonable steps to ensure that the restaurant, including all common areas and electrical wiring, were reasonably secure, fit for their particular purpose, habitable and that reasonable maintenance measures were provided and maintained and electrical inspections performed.

29.    As a general contractor performing services on a building, it was Defendants' duty to make the premises reasonably safe, to inspect the premises for dangerous conditions, to remove dangerous conditions and to undertake reasonable steps to ensure that the worksite, was reasonably safe for workers, subcontractors or others working on the building, under the general contractor's direction.

30.    Defendants, individually, jointly and severally, as the owner(s), operator(s) and hired repair entity(ies) of a business premises, owe a duty to an invitees to exercise reasonable care to protect said invitee from reasonably foreseeable injuries, specifically, the duty to make certain electrical wiring is secure and proper, for the protection of Plaintiff and all other customers, invitees, guests and patrons of the restaurant from foreseeable harm.

31.    On or about August 24, 2018, Defendants' breached said duty when Defendants; their agents; their employees or contractors under their control created or caused and allowed unreasonably dangerous conditions to exist on the Popeyes Louisiana Kitchen at 1019 W. Beacon St., Philadelphia, MS 39350; their agents; their employees or contractors under their control created, knew of, or with reasonable diligence should have known of said unreasonably dangerous conditions, and failed to remedy said conditions. Said conditions include, but are not necessarily

limited to, said awning was improperly installed, remodels improperly performed and permits not pulled, work uninspected, building not grounded, wired disconnected, breaker box broken, daylight sensors taped over, defective ballast or light fixture, inadequate light bulbs, some or all which had also been improperly constructed, installed, designed or manufactured, in violation of industry standards.

32.    Defendants had actual or constructive notice of said dangerous conditions.

33.    At all times relevant hereto, said dangerous conditions were within unobstructed access of said Defendants, their agents, their employees or contractors under their control.

34.    At all times relevant hereto, Marvin Bradley Rose, acted in a reasonable manner.

35.    The negligence of said Defendants; their agents; their employees or contractors under their control includes, but is not limited to, the following:

      a.    constructing and installing subject Popeye's building, subsequent remodels, and additions in such a manner as to create an unsafe, improper and unreasonably dangerous condition, in violation of national and state standards;

      b.    failing to secure proper permits for work performed;

      c.    failure to properly inspect the subject Popeye's building and subsequent remodels and remedy unsafe, improper and unreasonably dangerous conditions;

      d.    failure to warn the Plaintiff that the construction and subsequent remodels and additions to said Popeye's building had been constructed in violation of national and state standards, had become a dangerous condition, or had been improperly altered or maintained leading to a dangerous condition;

      e.    improper installation of wiring, including but not limited to not connecting ground wires and properly grounding the building;

      f.    failure to provide a safe workplace;

      g.    failure to take reasonable and necessary measures to prevent the subject accident; and

      h.    other unreasonable conduct to be described at trial.

36.    The above acts constitute common law negligence and negligence per se and were each a proximate cause of the occurrence in question. Further, the act(s) or omission(s) of the Defendants, proximately caused the damages complained of by the Plaintiffs. Further, the act(s) or omission(s) of these Defendants resulted in the Plaintiffs' losses and damages as outlined below.

37.    Defendants Popeyes Louisiana Kitchen, Inc.; Vaughn Brothers, Inc.; Diversified Commercial Builders, Inc.; Gilmer Electric LLC; Advanced Building Specialties, Inc.; JorCo Construction, Inc.; VegaSigns & Lighting LLC; Power Pro Electric, LLC; Scottie Chunn, and Doe Defendants 1-10 are liable for the negligent actions and omissions of their employees, their agents or contractors under their control by the doctrine of respondeat superior,

**COUNT II**

**STRICT PRODUCTS LIABILITY:**
**MANUFACTURING OR DESIGN DEFECT**
**DIVERSIFIED COMMERCIAL BUILDERS, INC.;**
**ADVANCED BUILDING SPECIALTIES, INC.;**
**CAPITAL SIGN AND AWNINGS, LLC;**
**GENERAL ELECTRIC COMPANY;**
**AND DOE DEFENDANTS 1-10**

38.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

39.     At the time the products left the control of Defendants Diversified Commercial Builders, Inc., Advanced Building Specialties, Inc., Capital Sign and Awnings, LLC; General Electric Company; Doe Defendants 1-10; their agents, their employees or contractors under their control, the product was defective because it deviated in a material way from Defendants' specification or from otherwise identical units manufactured to the same manufacturing specifications, failed to contain adequate warnings or instructions, was designed in a defective manner, or breached anexpress warranty or failed to conform to other express factual representations upon which otherparties justifiably relied in electing to use the product.

40.     Said defective condition rendered the product unreasonably dangerous to the Plaintiff, Marvin Bradley Rose, and the defective, unreasonably dangerous condition of the product proximately caused the Plaintiffs' damages for which recovery is sought.

41.     Said defective and unreasonably dangerous condition was not caused by an inherent or generic characteristic or aspect of the product. The defect could be eliminated without substantially compromising the product's usefulness or desirability as would be recognized by the ordinary person with the ordinary knowledge common to the community.

42.     Prior to the subject incident, the Plaintiff did not have knowledge that the condition of the product was inconsistent with his safety, did not appreciate the danger of the condition, and did not choose to expose himself to the danger in such a manner to register assent on the continuance of the dangerous condition.

43.     At the time the product left control of Defendants Diversified Commercial Builders, Inc., Advanced Building Specialties, Inc., Capital Sign and Awnings, LLC, General Electric Corporation, Doe Defendants 1-10; their agents, their employees or contractors under their control, they knew, or in light of reasonably available knowledge or in the exercise of reasonable care should have known, about the danger that caused the Plaintiffs' damage for which recovery is sought.

44.     Defendants Diversified Commercial Builders, Inc., Advanced Building Specialties, Inc., Capital Sign and Awnings, LLC, General Electric Corporation, and Doe Defendants 1-10 are liable for the defective product manufacture or design by their agents, their employees and contractors under their control under the doctrine of respondeat superior.

45.     As a proximate result of said defective product manufacture or design by Defendants Diversified Commercial Builders, Inc., Advanced Building Specialties, Inc., Capital Sign and

Awnings, LLC, General Electric Corporation, Doe Defendants 1-10; their agents, their employees or contractors under their control, the Plaintiffs have suffered damages as outlined herein.

## COUNT II
## STRICT LIABILITY: FAILURE TO WARN
## DIVERSIFIED COMMERCIAL BUILDERS, INC.;
## ADVANCED BUILDING SPECIALTIES, INC.;
## CAPITAL SIGN AND AWNINGS, LLC;
## GENERAL ELECTRIC COMPANY;
## AND DOE DEFENDANTS 1-10

46.    Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

47.    At the time the products left the control of Defendants Diversified Commercial Builders, Inc., Advanced Building Specialties, Inc., Capital Sign and Awnings, LLC; General Electric Company; Doe Defendants 1-10; their agents, their employees or contractors under their control, they knew or in light of reasonably available knowledge should have known about the danger that caused the Plaintiff's damages for which recovery is sought and that the ordinary user or consumer would not realize said dangerous condition. Said defendants, their agents, their employees or contractors under their control failed to provide an adequate product warning or instruction that a reasonably prudent person in the same or similar circumstances would have provided with respect to the danger and that would have communicated sufficient information on the dangers and safe use of the product, taking into account the characteristics of, and the ordinary knowledge common to, an ordinary consumer who would purchase the product.

48.    The danger posed by the product was not known or open and obvious to the Plaintiff and was not a danger that should have been known or open and obvious to a user or consumer of the product, taking into account the characteristics of, and the ordinary knowledge common to, the persons who ordinarily use or consume the product.

49.    Defendants Diversified Commercial Builders, Inc., Advanced Building Specialties, Inc., Capital Sign and Awnings, LLC; General Electric Company; Doe Defendants 1-10; are liable for the failure to warn by their agents, their employees or contractors under their control under the doctrine of respondeat superior.

50.    As a proximate result of said failure to warn by said Defendants, their agents, their employees or contractors under their control, the Plaintiffs' have suffered damages as outlined herein.

## COUNT III
## BREACH OF IMPLIED WARRANTY
## DIVERSIFIED COMMERCIAL BUILDERS, INC.;
## ADVANCED BUILDING SPECIALTIES, INC.;
## CAPITAL SIGN AND AWNINGS, LLC;
## GENERAL ELECTRIC COMPANY;
## AND DOE DEFENDANTS 1-10

51.    Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if

set forth herein in their entirety.

52.     The subject goods were sold by Defendants Diversified Commercial Builders, Inc., Advanced Building Specialties, Inc., Capital Sign and Awnings, LLC; General Electric Company; Doe Defendants 1-10; their employees or contractors under their control with both an implied warranty of fitness for a particular purpose and the implied warranty of merchantability, pursuant to Article 2 of the Uniform Commercial Code and other applicable state statutes.

53.     Defendants Diversified Commercial Builders, Inc., Advanced Building Specialties, Inc., Capital Sign and Awnings, LLC; General Electric Company; Doe Defendants 1-10; their agents, their employees or contractors under their control breached one or both of those implied warrantiesby selling the subject goods in a condition which was unreasonably dangerous and not reasonablyfit for their stated purpose. Further, the goods do not conform to standards of the applicable industry, were unreasonably dangerous for use for their stated purpose, failed to meet acceptable safety tolerances which were implied as a part of the sale or were inadequately labeled, in breachof the implied warranty of merchantability, pursuant to Article 2 of the Uniform Commercial Codeand other applicable state statutes.

54.     Defendants Diversified Commercial Builders, Inc., Advanced Building Specialties, Inc., Capital Sign and Awnings, LLC; General Electric Company; Doe Defendants 1-10; their agents, their employees or contractors under their control failed to disclaim and such implied warranties. Further, any attempt to disclaim such warranties are prohibited by law.

55.     Defendants Diversified Commercial Builders, Inc., Advanced Building Specialties, Inc., Capital Sign and Awnings, LLC; General Electric Company; Doe Defendants 1-10; are liable for the breach of implied warranty by their agents, their employees or contractors under their control under the doctrine of respondeat superior.

56.     As a proximate result of said breach of implied warranty by said Defendants, their employees or contractors under their control, the Plaintiffs' have suffered damages as outlined herein.

**COUNT IV**
**GROSS NEGLIGENCE**
**ALL DEFENDANTS**

57.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

58.     The actions of Defendants, including but not limited to, negligence, defective manufacture or defective design, unsafe workplace, altering devices on the building, using unsafe light bulbs, rendering equipment useless, improper electrical work, not securing proper permits, and lack of inspections, constitutes willful and wanton conduct, grossly negligent and evidencing a callous disregard for the rights of the Plaintiffs and the general public.

59.     Such gross negligence warrants an award of punitive damages in an amount which would punish the Defendants and deter such conduct in the future.

**COUNT V**
**PREMISES LIABILITY**

## POPEYES LOUSIANA KITCHEN, INC. AND
## VAUGHN BROTHERS, INC.

60.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

61.     At all relevant times, Plaintiff was an invitee of the Defendants' establishment.

62.     The Mississippi Supreme Court has held a premises owner must employ reasonable care to protect an invitee from reasonably foreseeable injuries.

63.     At all pertinent times, Defendants collectively were in sole and complete control of their electrical wiring, which became the instrumentality causing the resulting injuries sustained by the Plaintiff. Defendants negligently, if not intentionally, failed to exercise the power necessary to avert such casualty by ensuring that the proper inspection, evaluation, planning and safety measures were in place to avoid the Plaintiff's injuries.

64.     Defendants were presented with an available opportunity to avoid the resulting incident. Defendants, however, failed to exercise such control over their electrical wiring to prevent the injuries sustained by the Plaintiff. The duty of care owed to decedent was therefore breached by the Defendants.

65.     These Defendants had actual or constructive knowledge of the electrical wiring issue but failed to make the premises reasonably safe. Defendants failed to take reasonable, timely corrective action in spite of their actual or constructive knowledge, which proximately caused Plaintiffs' injuries and damages.

66.     Defendants had actual or constructive knowledge of the necessity of use of reasonable care and to take adequate and reasonable precautions or measures to protect invitees and licensees of the restaurant from foreseeable harm and danger, including the harm suffered by Plaintiff on the day in question. Defendants failed to take reasonable, timely corrective action in spite of their actual or constructive knowledge, which proximately caused Plaintiffs' damages.

67.     Defendants had actual or constructive knowledge of the necessity of exercising reasonable care to protect their invitees from reasonably foreseeable injuries. Defendants failed to take reasonable, timely corrective action in spite of their actual or constructive knowledge, which proximately caused Plaintiffs' damages.

68.     Defendants had actual or constructive knowledge of the insufficient electrical measures, unsafe conditions and overall inadequacies of 1019 W. Beacon St., Philadelphia, MS 39350.

69.     Defendants failed to take reasonable, timely corrective action in spite of their actual or constructive knowledge, which proximately caused Plaintiffs' damages.

70.     Defendants had actual or constructive knowledge of the necessity of warning Plaintiff of the foreseeable harm he suffered. Defendants failed to take reasonable, timely corrective action in spite of their actual or constructive knowledge, which proximately caused Plaintiffs' damages.

71.     Defendants had actual or constructive knowledge of the necessity of reasonable inspection

of 1019 W. Beacon St., Philadelphia, MS 39350 and the need to make the premises safe from the foreseeable harm suffered by Plaintiff. Defendants failed to take reasonable, timely corrective action in spite of their actual or constructive knowledge, which proximately caused Plaintiffs' damages.

72.     Prior to the Plaintiff's arrival, these Defendants failed to inspect their premises to prevent this type of injury for any meaningful period of time.

73.     The act(s) or omission(s) of these Defendants proximately caused the occurrence of the incident in question.

74.     As a result of the act(s) or omission(s) of the Defendants, Plaintiffs sustained injuries, losses and damages.

**COUNT VI**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**ALL DEFENDANTS**

75.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

76.     The act(s) or omission(s) of the Defendants on the dates and times in question caused Plaintiffs severe emotional distress through their negligent conduct.

77.     The negligent conduct perpetrated upon the Plaintiffs was awful, traumatic, and disturbing events, which has caused the Plaintiffs to suffer serious emotional anguish.

78.     At all relevant times, the Plaintiff was in the zone of danger as a result of the act(s) or omission(s) of the Defendants.

79.     The act(s) or omission(s) of the aforementioned Defendants constitute a negligent infliction of emotional distress as defined under Mississippi law, and were each a proximate cause of the injuries of the Plaintiff as well as the damages and losses sustained by the Plaintiffs.

**COUNT VII**
**LOSS OF CONSORTIUM**
**ALL DEFENDANTS**

80.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

81.     Under Mississippi law, a spouse can recover for the injuries and losses realized under a derivative theory for the act(s) or omission(s) caused by a third-party to his or her spouse.

82.     Plaintiff Jennifer Rose has a claim for loss of consortium as it relates to the act(s) or omission(s) of these Defendants which proximately caused the injuries and damages sustained by her spouse, Marvin Bradley Rose.

83.     As a result of the injuries Plaintiff sustained, there were certain acts, events and functions

which went lacking due to their inability to perform said acts, events or functions.

## DAMAGES
## ECONOMIC DAMAGES

84.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

85.     As a result of the act(s) or omission(s) of these Defendants, Plaintiffs seek the recovery of any and all kinds of economic damages available under the law and incurred as a result of the injuries they sustained.

### NON-ECONOMIC DAMAGES

86.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

87.     As a result of the act(s) or omission(s) of these Defendants, Plaintiffs seek recovery for certain non-economic damages which occurred as a result of the Defendants' negligent act(s) or omission(s); including, but not limited to: actual monetary loss, pain and suffering, severe mental pain and suffering, anguish, suffering, inconvenience, worry, emotional distress, loss of the enjoyment of life, hedonic damages, loss of credit worthiness, medical or special damages, and others, directly attributable to the occurrence made the basis of this lawsuit and directly attributable to the injuries and the harm it has sustained.

88.     Plaintiffs have suffered out-of-pocket expenses which include travel expenses, attorneys' fees, costs of court, time from work and other expenses. Accordingly, Plaintiffs seek all general, special, incidental and consequential damages as shall be proven at the time of trial, including exemplary, enhanced and trebled damages. Plaintiffs seek pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, a statutory rate of interest because of the delay in receiving the damages and also to avoid unjust enrichment to Defendants. Plaintiffs also seek post-judgment interest at the maximum rate allowed by law.

89.     The amount of total damages suffered by Plaintiffs is significant and continuing in nature. Plaintiffs reserve the right to amend and state further with respect to their damages.

### PUNITIVE DAMAGES

90.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

91.     Pursuant to Miss. Code Ann. § 11-1-65, inasmuch as the conduct of Defendants herein constitutes a willful, wanton, egregious and reckless disregard for the rights and safety of the Plaintiffs, an award of punitive damages is appropriate and necessary under these facts.

## RIGHT TO AMEND PURSUANT TO FED.R.CIV.P. 15

92.     Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiffs reserve the right to name additional defendants should later facts establish that others are liable herein.

## JURY TRIAL DEMANDED

93.     Plaintiffs demand a jury trial.

        **WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that upon final trial hereof it be entitled to take, have and recover, of and from said Defendants the above damages, including actual, compensatory, exemplary, pre-judgment interest, post-judgment interest, costs of Court, attorneys' fees, and for such other and further relief to which it may show to be justly entitled.

        Respectfully submitted this the 4th day of June, 2021.

                        **MARVIN BRADLEY ROSE AND JENNIFER ROSE**

                        **Of Counsel:**

                        ___/s/ Thomas J. Bellinder, Esq. _____
                        Thomas J. Bellinder (MSB # 103115)
                        **BELLINDER LAW FIRM**
                        Pinnacle at Jackson Place
                        190 E. Capitol Street, Suite 460
                        Jackson, MS 39201
                        Phone: (601) 487-9340
                        Fax: (601) 265-1795
                        Email: Thomas.Bellinder@BellinderLawFirm.com

                        and

                        ___/s/ Joshua M. Coe, Esq. _____
                        Joshua M. Coe (MSB # 104155)
                        **COE LAW FIRM**
                        200 E. Government St.
                        Brandon, MS 39042
                        Phone: (601) 824-5040